**Richard MACENE, on his own behalf and on behalf of all other shareholders of MJW, Inc., a Michigan Corporation, Plaintiff-Appellant,**

v.

**MJW, INC., a Michigan Corporation, Defendant,**

**County of Wayne, a Municipal Corporation, Defendant-Appellee.**

**No. 90-2352.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 20, 1991.

Decided Dec. 12, 1991.

Richard Macene, pro se.

Gregory D. Shulman (argued and briefed), Warren, Mich., for plaintiff-appellant.

Thomas A. Neenan (argued and briefed), Wayne County, Asst. Corporate Counsel, Detroit, Mich., for defendant and defendant-appellee.

Before GUY and BOGGS, Circuit Judges and McRAE, Senior District Judge.[*]

BOGGS, Circuit Judge.

Plaintiff Richard Macene filed this appeal from a grant of summary judgment to the defendant, Wayne County. Macene was a minority shareholder in the now-defunct MJW, Inc. ("MJW"), a former Michigan corporation. Macene brought this derivative lawsuit under 42 U.S.C. § 1983 to enforce the rights of the dissolved corporation.

MJW had a license to operate a ten-acre landfill in Sumpter Township, Wayne County, Michigan. The Michigan Department of Natural Resources ("MDNR") originally granted this license pursuant to a statute that is now repealed. MJW never operated a ten-acre landfill at the site. Subsequent to the granting of MJW's license, Michigan passed the Solid Waste Management Act ("Act 641"), P.A. 641 of 1978, as amended, Mich.Comp.Laws Ann. §§ 299.501 *et seq.* (1990). This Act required each county to formulate its own County Solid Waste Management Plan. Mich.Comp.Laws Ann. § 299.425.

Pursuant to Act 641, the Wayne County Commission established a Solid Waste Management Planning Committee ("the Committee") to facilitate development of a County Plan. Mich.Comp.Laws Ann. § 299.426. In accordance with the provisions of Act 641, the Committee included members of the solid waste management industry, environmental groups, the general public, industrial waste generators, and representatives of various levels of local and county government. *Ibid.* Under Act 641, any plan developed and recommended by the Committee had to be approved by the Wayne County Commission, at least two-thirds of the municipalities that make up Wayne County, and by the Michigan Department of Natural Resources, which had final authority over the plan. Mich. Comp.Laws Ann. §§ 299.428 & 299.429.

MJW proposed that the Wayne County Plan include a 75–acre landfill on the site where MJW had a license to operate the ten-acre landfill. Representatives of MJW went before the Committee on several occasions to make their request and to submit information in support of their proposal.

The final Wayne County Solid Waste Management Plan did not include MJW's proposed 75–acre site. The Committee originally voted to exclude the site from the County Plan on November 30, 1983. The County Commissioners asked the Committee to review this decision. After receiving additional information from MJW, the Committee, on May 31, 1984, again determined that the Wayne County Plan should not include MJW's proposed 75–acre landfill.

On August 23, 1984, the Wayne County Commission adopted the Plan recommended by the Committee. The county then forwarded the Plan to the local communities in order to garner the required approval of two-thirds of the municipalities

---

[*] The Honorable Robert M. McRae, Jr., Senior United States District Judge for the Western District of Tennessee, sitting by designation.

that make up the county. On October 11, 1984, after this required approval had been obtained, the Plan was sent to the Michigan Department of Natural Resources. The Department gave its final approval to the Plan on November 11, 1984.

Macene filed this derivative lawsuit under § 1983, alleging that Wayne County had violated MJW's due process rights. Macene's central contention seems to be that one or more members of the Planning Committee was biased against MJW and that this bias resulted in the exclusion of MJW's proposed 75–acre site from the Wayne County Solid Waste Plan. He argues that the exclusion from the Plan made MJW's license to operate the ten-acre landfill valueless and that the Committee perpetrated this exclusion in violation of MJW's due process rights. His brief urges that the Committee's conduct amounted to a taking without just compensation and a violation of both procedural and substantive due process.

Wayne County moved for summary judgment, arguing that Macene was not entitled to relief under § 1983 for an alleged due process violation because Macene did not plead or prove that available state remedies were inadequate. The district court granted the defendant's motion for summary judgment based on Macene's failure to establish the inadequacy of existing state remedies. The district court also held that the case was subject to summary judgment because the plaintiff failed to allege that the constitutional violation by the municipality amounted to a "custom or policy" as required by § 1983.

For the reasons set forth below, we affirm the grant of summary judgment in favor of Wayne County.

## I

We review a grant of summary judgment de novo. *EEOC v. University of Detroit*, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate if no genuine issue of material fact exists. *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir.1988). A material issue of fact exists where disputed evidence is sufficient to support a verdict in favor of the non-moving party by a reasonable finder of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Ibid.* (citations omitted).

Macene presents this court with vaguely stated allegations of a deprivation of MJW's property without due process (both procedural and substantive). Macene also mixes in assertions that one or two members of the Planning Committee were biased against MJW. Macene, however, conveniently ignores the fact that the Committee has only the power to recommend a plan. Act 641 requires that any Solid Waste Plan developed by the Committee be approved by the Wayne County Commission, two-thirds of the local municipalities, and by the state Department of Natural Resources.

Although the specific complaint is not readily apparently from Macene's various submissions to this Court, appellant must be asserting at least one of the following: (1) a taking of property without just compensation to MJW; (2) a taking of property in violation of MJW's procedural and substantive due process rights; (3) actual bias against MJW in the administrative process. The district court granted summary judgment primarily because Macene did not plead or prove the inadequacy of existing state remedies. The critical question in this case, therefore, concerns the interplay between each of these potential violations of § 1983 and the requirement, in certain circumstances, of pleading and proving the inadequacy of state remedies for purpose of maintaining a § 1983 suit.

As a general matter, exhaustion of state remedies is not a prerequisite to the bringing of a § 1983 action in federal court. *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). However, as explained below, the necessity of proving the inadequacy of state remedies in some § 1983 claims is a species of the ripeness doctrine and not an exhaustion requirement. Whether Macene needed to plead and prove the inadequacy of state remedies depends on exactly how Macene's

claim is characterized. Each of his potential claims is discussed below. Ultimately, the district court was correct in granting summary judgment to Wayne County but not for all of the reasons stated in that court's opinion.

## II

### A Taking Without Just Compensation

■ In order to make a § 1983 claim for a *taking without just compensation*, a plaintiff must have attempted to obtain compensation through established state procedures. This is not technically an exhaustion requirement but is a product of the ripeness doctrine. "The question of whether [state] remedies must be exhausted is conceptually distinct ... from the question whether an administrative action must be final before it is judicially reviewable." *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir.1989), quoting *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 192, 105 S.Ct. 3108, 3110, 87 L.Ed.2d 126 (1985). In other words, "if a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson*, 473 U.S. at 195, 105 S.Ct. at 3121. The case is not "ripe" because "the State's action ... is not 'complete' until the State fails to provide adequate compensation for the taking." *Ibid.*

■ If what Macene seeks on behalf of MJW is "just compensation" for the denial of the license, then he must seek his remedy first at the state level. Only if the state denies adequate compensation is his claim ripe for consideration by a federal court. No constitutional violation can occur until just compensation is denied. *Four Seasons Apartment v. City of Mayfield Heights*, 775 F.2d 150, 151 (1985).

The Supreme Court rejected a taking claim in *Williamson* because the plaintiff had "not shown that the inverse condemnation procedure is unavailable or inadequate, and until it has utilized that procedure, its taking claim is premature." *Williamson*, 473 U.S. at 197, 105 S.Ct. at 3121. In Michigan, the doctrine of inverse condemnation is long recognized and constitutionally established. Michigan Const., Art. 10, § 2 (1963). *See, e.g., Tamulion v. Michigan State Waterways Comm'n*, 50 Mich.App. 60, 212 N.W.2d 828 (1973); *Heinrich v. Detroit*, 90 Mich.App. 692, 282 N.W.2d 448 (1979). The Michigan courts have held that inverse condemnation is a remedy for a taking and that a " 'taking' of private property for public use is not restricted to cases involving absolute conversion of private property, but also includes cases where the value of the property is destroyed by the action of the government or where the owner is excluded from the use or enjoyment of his property...." *Blue Water Isles v. Dept of Nat'l Resources*, 171 Mich.App. 526, 431 N.W.2d 53, 58 (1988) (citations omitted). Since Macene has not attempted to use Michigan's inverse condemnation procedure or establish the inadequacy of the procedure in these circumstances, his claim of taking without just compensation, if that is indeed his claim, is not ripe and cannot be considered by this court.

## III

### Procedural Due Process

■ The district court cited two reasons for granting summary judgment to Wayne County on Macene's procedural due process claim. First, the district court held that Macene had failed to allege that the constitutional violation amounted to a "custom or policy," a requirement for § 1983 suits against municipalities. Second, the district court dismissed the procedural due process § 1983 claim because Macene had failed to plead and prove that available state remedies were inadequate. Wayne County is entitled to summary judgment on the procedural due process claim but not for the reasons given by the district court.

■ In § 1983 claims against a municipality, plaintiffs must allege that a constitutional violation amounts to a custom or policy. *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611

(1978). Macene alleged that approval of the Plan by the Wayne County Board of Commissioners constituted the official policy of defendant Wayne County. The district court held that MJW's exclusion from the Plan, not the Commission's approval of the Plan, was the alleged constitutional violation. The court ruled, citing *Monell,* that this did not constitute the official policy of Wayne County.

In *Monell,* the Supreme Court held that municipalities could be found liable under § 1983, but only if "action pursuant to official municipal policy of some nature caused the constitutional tort." *Id.* at 691, 98 S.Ct. at 2036. The Court reasoned that this requirement prevented a municipality from being held liable, under respondeat superior, simply for employing a tortfeasor. For purposes of § 1983, Macene sufficiently alleges that the injury occurred as a result of official action on the part of the municipality. The complaint is ultimately about an *official* action, not the random act of a subordinate. Macene's pleadings are well within the holding and reasoning of *Monell.*

■ The district court also held that summary judgment was proper because Macene failed to plead and prove that state remedies were inadequate to correct the alleged deprivation of his property without procedural due process. The court relied on the case of *Vicory v. Walton,* 721 F.2d 1062 (6th Cir.1983), *cert. denied,* 469 U.S. 834, 105 S.Ct. 125, 83 L.Ed.2d 67 (1984). The *Vicory* case stemmed from the shooting of three people in a trailer that had been rented from plaintiff Vicory by one of the victims. A sheriff had seized the trailer, with the consent of Vicory, for purposes of investigating the murders. After suspects were caught and found guilty, the prosecutor ordered the sheriff to return the trailer to Vicory. The trailer was not returned for several months and Vicory filed a § 1983 suit for deprivation of property without due process.

The Sixth Circuit held that Vicory's claim should be dismissed because he had failed to plead and prove the inadequacy of existing state procedures to remedy the wrong alleged. The *Vicory* court relied on the Supreme Court's decision in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), which held that the negligent deprivation of a prisoner's property does not violate due process if adequate state remedies are available to address the wrong. Using language similar to the "ripeness" concept discussed above, the Court argued that "there is an important difference between a challenge to an established state procedure as lacking in due process and a property damage claim arising out of the misconduct of state officers.... [I]n the latter situation ... the state action is not necessarily complete." *Id.* at 542, 101 S.Ct. at 1916 (citations omitted). The Court emphasized that "[t]here is no contention that the procedures themselves are inadequate nor is there any contention that it was practicable for the State to provide a predeprivation hearing." *Id.* at 543, 101 S.Ct. at 1917.

Whether or not a plaintiff must plead and prove that state remedies are inadequate depends on whether the particular case falls within the scope of *Parratt* and its progeny. As recognized by this Circuit in *Watts v. Burkhart,* 854 F.2d 839, 843 (6th Cir.1988) (citations omitted):

> The rule of *Parratt* and *Vicory* is clearly inapplicable where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized conduct. The Supreme Court has expressly refused to extend *Parratt* to such situations. This circuit has likewise expressly refused to apply *Parratt* or *Vicory,* when faced with a case alleging a deprivation of property resulting from application of an established state procedure.

See *Hudson v. Palmer,* 468 U.S. 517, 532, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1983); *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 436, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982); *Spruytte v. Walters,* 753 F.2d 498, 509–10 (6th Cir.1985), *cert. denied.,* 474 U.S. 1054, 106 S.Ct. 788, 88 L.Ed.2d 767 (1986); *Collins v. Nagle,* 892 F.2d 489 (6th Cir.1989); *Four Seasons Apartments v. City of Mayfield Heights,* 775 F.2d 150 (6th Cir.1985).

■ In this Circuit, then, a § 1983 plaintiff may prevail on a procedural due process claim by either (1) demonstrating that he is deprived of property as a result of established state procedure that itself violates due process rights; or (2) by proving that the defendants deprived him of property pursuant to a "random and unauthorized act" *and* that available state remedies would not adequately compensate for the loss. *Collins,* 892 F.2d at 497, citing *Davis v. Robbs,* 794 F.2d 1129 (6th Cir.1986). *Parratt* is applied to those cases falling under the second category.

■ Due process is a flexible concept that generally requires some type of hearing prior to a state's deprivation of an individual's liberty or property. *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 984, 108 L.Ed.2d 100 (1990); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). In cases involving "random and unauthorized" deprivations of property such as *Parratt* and *Logan,* pre-deprivation process is impossible and, therefore, adequate post-deprivation state procedures comport with the constitutional requirements of due process. *Hudson v. Palmer,* 468 U.S. at 533, 104 S.Ct. at 3203. The fact that pre-deprivation procedure is impracticable in cases falling under the *Parratt* rule creates the requirement that plaintiffs in such circumstances must prove that the post-deprivation process afforded by the state is somehow inadequate to right the wrong at issue.

In *Parratt* cases, then, the facts are such that pre-deprivation remedies are impossible and adequate post-deprivation remedies are all that is required by due process. If the state provides post-deprivation remedies, and if due process given the particular wrong alleged requires only post-deprivation remedies, then federal courts will require proof that those presumptively adequate remedies are inadequate before a § 1983 claim can be maintained. Such a claim is not "ripe" for consideration by a federal court because the state action at issue is not complete. If the state procedures adequately cure any alleged deprivation of property then due process has not been violated. The inadequacy of state remedies generally cannot be proven unless those remedies are exhausted.

The district court held that this case fell within the *Parratt* rule and that, therefore, summary judgment must be granted since Macene had not proven that state procedures were inadequate. However, Macene does not allege that his property was deprived by a random or unauthorized act that would make pre-deprivation procedures impracticable. Although he does not state it very clearly, Macene is challenging an established state process that he claims deprived MJW of a license to operate a landfill as part of Wayne County's Solid Waste Management Plan. Macene also contends that the composition of the Committee, which is prescribed in Act 641, created a bias against MJW since several members of the Committee were in direct competition with MJW. The gravamen of Macene's complaint is that the state procedure itself deprived MJW of its property without due process.

■ Such a complaint does not fall within the parameters of the *Parratt* rule. When a plaintiff directly challenges established state procedures, a federal court must evaluate the challenged procedures directly to ensure that they comport with due process. Upon that evaluation, we hold that Macene's claim that the procedures established by Act 641 somehow deprived MJW of property without due process is wholly without merit.

First of all, Macene centers his complaint on the actions of the Planning Committee. MJW was allowed to argue its case directly to the Committee on at least two occasions. More importantly, however, is the fact that the Committee has no decisionmaking power itself, but can only make recommendations to the Wayne County Commission. The Committee could not deprive MJW of anything. Its only function was to formulate a proposed Plan that would then be evaluated at several levels of County and State Government.

Aside from the opportunities to present information to the Planning Committee, MJW could have argued its case directly to

the County Commission, the various municipalities, and/or to the State Department of Natural Resources, before any plan was adopted and, therefore, before any alleged deprivation had finally occurred. Furthermore, MJW could have gone directly to the Michigan courts to challenge its exclusion from the plan as other plaintiffs have done. See, e.g., *Michigan Waste Systems v. Michigan Dept. Natural Resources*, 157 Mich.App. 746, 403 N.W.2d 608 (1987); *Delta County v. Michigan Dept. Natural Resources*, 118 Mich.App. 458, 325 N.W.2d 455 (1982). The state of Michigan provided MJW with at least as much process as is due under the Constitution.

We recognize that Macene alleges actual bias on the part of some of the members of the Planning Committee and that "[s]ubmission to a fatally biased decisionmaking process is itself a constitutional injury.... The injury is the submission itself; the biased (or potentially biased) decision may also result in injury, but it is a separate and distinct one." *Hammond v. Baldwin*, 866 F.2d 172, 176 (6th Cir.1989), citing *United Church of the Medical Center v. Medical Center Comm'n*, 689 F.2d 693, 701 (7th Cir.1982). However, these allegations are vague, to say the least. In addition, what is more important in this case is that the Planning Committee was not the ultimate or even the primary decisionmaking authority with regard to whether any particular Plan would be adopted. Appellant Macene does not allege bias on the part of the Wayne County Commission, the Wayne County municipalities, or the Michigan Department of Natural Resources.

### IV

#### Substantive Due Process

■ Macene challenges MJW's exclusion from the Wayne Solid Waste Plan as violative of MJW's substantive due process rights. Appellant made no attempt, either in his brief or at oral argument, to explain this theory. Substantive due process is generally thought of as "barring certain government actions regardless of the fairness used to implement them...." *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986). We find

that substantive due process is not remotely implicated in this case.

### V

For the reasons stated above, we AFFIRM the grant of summary judgment to Wayne County.