972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert BOUNDS, Plaintiff-Appellant,
v.
CITY OF LEITCHFIELD, KENTUCKY, Defendant-Appellee,
Sherrill Watson; Darrell Harrell; Eddie Miller; Paul
Young, Defendants.
 No. 92-5310.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 1
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and COOK, Chief District Judge.*
 
 ORDER
 
 2
 Herbert Bounds, a pro se Kentucky resident, appeals a district court judgment dismissing his complaint brought under 42 U.S.C. § 1983 in which he alleged that the defendants violated his Fifth Amendment rights when they built a city street and sewer line on a portion of his property without paying him just compensation. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bounds bought the property at issue in this lawsuit in March 1960. Subsequently, the City of Leitchfield, Kentucky, built Cole Avenue and constructed a sewer line on a small portion of plaintiff's property. On January 10, 1990, Bounds filed a complaint in the federal district court against the City of Leitchfield, Kentucky, and several city officials. Per an agreement by the parties, the claims against all the defendants except the City of Leitchfield were dismissed. Subsequently, the district court granted the defendant's motion for summary judgment, finding that the defendant had established title to the land in question by adverse possession under Kentucky law.
 
 
 4
 Bounds has filed a timely appeal. He continues to argue the merits of his case. Both parties have filed briefs.
 
 
 5
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court's review of a grant of summary judgment is de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990).
 
 
 6
 Initially, it appears that Bounds's taking claim may not be ripe for federal review because Bounds has failed to use state procedures for obtaining just compensation and has made no claim that state procedures would be inadequate to compensate him. See Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985); Macene v. MJW, Inc., 951 F.2d 700, 704 (6th Cir.1991).
 
 
 7
 Nonetheless, it is clear that the defendant is entitled to summary judgment because the undisputed facts of the case show that Bounds has lost his title to the land in question through the doctrine of adverse possession under Kentucky law. See Ky.Rev.Stat. § 413.010; see also Tarter v. Tucker, 280 S.W.2d 150, 152 (Ky.1955).
 
 
 8
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation