983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence HANNER, Plaintiff-Appellant,
v.
M.P.W. STONE, Secretary of the Army, Defendant-Appellee.
 No. 92-1579.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1992.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, JR. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Lawrence Hanner appeals the summary judgment for defendant in this action filed under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hanner filed his complaint in the district court alleging that documents relating to charges of misconduct in his employment with the U.S. Army Tank-Automotive Command (TACOM) in Warren, Michigan, were not provided to him after he submitted an FOIA request. In his complaint, plaintiff sought disclosure of documents pertinent to employment disciplinary proceedings pending against him. Ultimately, the district court determined that no genuine issue of material fact remained for trial and granted summary judgment for defendant.
 
 
 3
 First, we conclude that plaintiff's claim is not precluded under the doctrine of res judicata. Although a similar FOIA claim was adjudicated by a panel of this court in Hanner v. Stone, No. 92-1157 (6th Cir. June 15, 1992) (unpublished), the issue was not the same. Thus, we proceed to the merits of this case.
 
 
 4
 This court will review a grant of summary judgment de novo using the same test applied by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Anderson, 477 U.S. at 248. Evidence must be significantly probative or summary judgment may issue. Macene v. MJW, Inc., 951 F.2d 700, 703 (6th Cir.1991). Here, the district court correctly concluded that defendant established that all pertinent documents were provided and plaintiff has shown no significantly probative evidence to the contrary.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.