35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. KROL, Plaintiff-Appellant,
v.
Stan D. OWENS; Ralph D. Eversole; John Doe, Defendants-Appellees.
 No. 93-3813.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff David A. Krol appeals the district court's grant of summary judgment in favor of defendants Stan D. Owens, Ralph D. Eversole, and John Doe in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. On appeal, the issue is whether the district court erred in granting summary judgment. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 In early March 1990, plaintiff operated VanMed Homecare, Inc. (VanMed), a medical oxygen supply business. Pursuant to a citizen's complaint, the Van Wert County Sheriff's Department began an investigation on March 8, 1990, concerning allegations that plaintiff had committed the offenses of felonious assault and kidnapping on the VanMed premises. Specifically, it was alleged that plaintiff and two other individuals had strapped an employee of VanMed to a wheelchair and had assaulted the employee with a stun gun for approximately an hour and a half.
 
 
 3
 During the investigation of the alleged felonious assault and kidnapping, the Sheriff's Department interviewed plaintiff's secretary, Wendy Ann Mauer. During the interview, Mauer revealed that plaintiff had submitted fraudulent bills to Medicare, the Veteran's Administration, and others. Mauer also indicated that documentation of the fraudulent billings was located on the VanMed premises.
 
 
 4
 Based on the information provided by Mauer, the Sheriff's Department applied for, and was granted, a warrant to search VanMed. On March 15, 1990, the Sheriff's Department executed the search warrant and recovered evidence of plaintiff's fraudulent billing, which was in violation of federal law.[1] Also on that same day, plaintiff was arrested for felonious assault under section 2903.11(A)(1) of the Ohio Revised Code as well as kidnapping in violation of section 2905.01(A)(3) of the Ohio Revised Code.[2]
 
 
 5
 On March 16, 1990, the Sheriff's Department commenced seizure proceedings of VanMed pursuant to Ohio law. The Sheriff's Department notified plaintiff of the seizure of VanMed by means of a letter, which stated:
 
 March 16, 1990
 Mr. David Krol
 
 6
 Mr. Krol, this letter is to inform you that under the new seizure law the Van Wert County Sheriff Dept. through our prosecutor will file for the seizure of certain property being the place of business on State Route 224 and all vehicles connected to said business on State Route 224 along with any other and all miscellanous [sic] property contained thereon. This property and vehicles and property are being seized as being used in the commission of Felony crimes in the state of Ohio, Van Wert County. Said business doing business as VanMed Home Care.
 
 
 7
 J.A. A-15.
 
 
 8
 Forfeiture proceedings concerning VanMed were subsequently contemplated by the prosecuting attorney for Van Wert County, Ohio. However, after determining that there were insufficient equities in VanMed, the prosecuting attorney believed that forfeiture was inappropriate. Approximately eight days after the initial search warrant, arrest of plaintiff, and issuance of the seizure notice, VanMed was released to a court appointed receiver.
 
 B.
 
 9
 In March 1992, plaintiff filed a complaint in the district court under 42 U.S.C. Sec. 1983. Named as defendants were Stan D. Owens, the Sheriff of Van Wert County, Ohio, who was sued individually and in his official capacity; Ralph D. Eversole, the Deputy Sheriff of the Van Wert County Sheriff's Department, who was sued individually and in his official capacity; and John Doe, who was identified only as all Deputy Sheriffs of the Van Wert County Sheriff's Department whose true names were not known at the time the complaint was filed. In his complaint, plaintiff alleged that defendants' actions amounted to a "seizure of his property and deprivation of his property without due process of law." J.A. A-12. Plaintiff sought compensatory damages in the amount of one million dollars, punitive damages in the amount of two million dollars, reasonable attorney fees, and other relief as the court deemed proper.
 
 
 10
 Defendants subsequently moved for summary judgment. They contended that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law because they acted reasonably. The district court granted summary judgment in favor of defendants, and this timely appeal followed.
 
 II.
 Section 1983 of Title 42 provides:
 
 11
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 
 
 12
 Although "Sec. 1983 by itself does not protect anyone against anything," Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979), the statute does provide a "remedy for deprivations of rights secured by the Constitution and laws of the United States." Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982). Where, as here, a plaintiff has alleged a violation of substantive due process, the plaintiff must demonstrate that the official acts committed were a violation of a right secured by the Constitution of the United States or were so unreasonable as to shock the conscience. Harris v. City of Akron, 20 F.3d 1396, 1405 (6th Cir.1994).[3]
 
 
 13
 Plaintiff argues that a genuine issue exists as to whether the defendants' conduct was reasonable. Relying on several affidavits and deposition testimony, plaintiff states that the employees of VanMed and plaintiff's attorney were informed by defendant Eversole that VanMed was closed and that no one would be allowed to return to the premises; that VanMed employee Irma Skinner was denied access to VanMed and was informed that no one could continue to run the business; and that plaintiff's attorney was informed that plaintiff was not getting his business back. According to plaintiff, these facts are sufficient to create a genuine issue for trial on the issue of whether defendants acted reasonably. As a consequence, he argues that the district court erred in granting summary judgment in favor of defendants.
 
 
 14
 We review an order granting summary judgment de novo. Patton v. Bearden, 8 F.3d 343, 346 (6th Cir.1993). Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 15
 Even assuming that the facts raised by plaintiff are true, we conclude that plaintiff has failed to provide sufficient evidence to defeat defendants' motion for summary judgment. As an initial matter, defendants had a legitimate purpose in seizing VanMed, given the fact that VanMed was the site of an assault and kidnapping in violation of state law as well as the site of a fraud in violation of federal law. Plaintiff was given notice of the seizure by the Van Wert Sheriff's Department pursuant to Ohio Revised Code Sec. 2933.43(A)(2). That statute provides in relevant part:
 
 
 16
 If a law enforcement officer seizes property that is titled or registered under law ... the officer or his employing law enforcement agency shall notify the owner of the seizure. The notification shall be given to the owner at his last known address within seventy-two hours after the seizure, and may be given orally by any means, including telephone, or by certified mail, return receipt requested.
 
 
 17
 Plaintiff makes no argument that the provisions of Ohio Revised Code Sec. 2933.43(A)(2) are unconstitutional or that defendants violated any provisions of that statute during the seizure. Additionally, contrary to plaintiff's suggestion, employees of VanMed would have been given access to VanMed during the seizure under emergency conditions. Moreover, although eight days transpired between the time of the seizure of VanMed and the time of release, such an amount of time was reasonable under the circumstances. As determined by the district court, "[d]efendants held plaintiff's property for a short period of time in order to determine whether any of the seized property would be used as evidence and whether forfeiture would be appropriate." J.A. A-149. Significantly, there is no evidence that plaintiff requested the property to be released to him prior to the time the property was ultimately released to the receiver. Accordingly, we conclude that summary judgment in favor of defendants was proper under the circumstances of this case.
 
 III.
 
 18
 For the reasons stated, the district court's grant of summary judgment is AFFIRMED.
 
 
 
 [1]
 Plaintiff was subsequently found guilty of making false statements to a federal agency in violation of 18 U.S.C. Sec. 1001
 
 
 [2]
 Plaintiff ultimately pled guilty in the Van Wert County Court of Common Pleas to the offense of abduction
 
 
 [3]
 We do not view plaintiff's complaint as also alleging a violation of procedural due process. "[A] Sec. 1983 plaintiff may prevail on a procedural due process claim by either (1) demonstrating that he is deprived of property as a result of established state procedure that itself violates due process rights; or (2) by proving that the defendants deprived him of property pursuant to a random and unauthorized act and that available state remedies would not adequately compensate for the loss." Macene v. MJW, Inc., 951 F.2d 700, 706 (6th Cir.1991) (internal quotations and emphasis omitted). Plaintiff has not alleged either of these two prongs