**Lucretia G. VINTILLA, Plaintiff–Appellant,**

v.

**CITY OF ROCKY RIVER, Ohio; R. Bird, Defendant–Appellee.**

**No. 03–3543.**

United States Court of Appeals, Sixth Circuit.

March 3, 2004.

John R. Vintilla, Cleveland, OH, for Plaintiff–Appellant.

Hilary S. Taylor, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH, for Defendants–Appellees.

Before: MARTIN and CLAY, Circuit Judges; and MILLS, District Judge.*

## ORDER

Lucretia G. Vintilla, proceeding through counsel, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985(3). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief in the form of compensatory and punitive damages, Vintilla filed a complaint against the City of Rocky River, Ohio ("City"), and R. Bird, a police officer employed by the Rocky River Police Department. Relying upon the Fifth and Fourteenth Amendments, Vintilla alleged that the defendants violated her due process and equal protection rights. Vintilla explained that on December 10, 2000, the vehicle that she was driving collided with another vehicle. Vintilla and the driver of the other vehicle exchanged pertinent information and moved their ve-

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

hicles from their respective collision positions. Bird subsequently responded to the accident scene and, after interviewing both parties, informed Vintilla that the accident was her fault. Thereafter, Vintilla alleged that she received a Summons in Lieu of Warrant commanding her to appear at the Rocky River Municipal Court "to plead to a charge that she had violated Section 311.11a of the traffic code of Rocky River and thereby caused the aforementioned accident." Vintilla alleged that the summons was based upon Bird's sworn complaint, which found her at fault for the accident. Vintilla alleged that she entered a plea of not guilty, but on the date set for trial, Bird agreed to dismiss the charge.

Vintilla also alleged that, following the accident, her automobile insurance carrier determined that she was at fault for the December 10, 2000, accident and canceled her insurance policy. Vintilla's insurance carrier subsequently renewed her policy, but substantially increased her premium. According to Vintilla, her insurance carrier's actions were based upon Bird's "improper report" and "unlawful complaint" made after the December 10, 2000, accident.

Vintilla filed a motion for summary judgment and the defendants filed a motion to dismiss. The district court denied Vintilla's motion, granted the defendants' motion, and dismissed the case. The district court subsequently denied Vintilla's motion to reconsider. Vintilla now appeals.

Because the record contained material outside of the pleadings, which the district court did not exclude from consideration, the district court properly characterized the defendants' motion to dismiss as a motion for summary judgment. *See* Fed. R.Civ.P. 12(b); *Soper v. Hoben,* 195 F.3d 845, 850 (6th Cir.1999); *Salehpour v. Univ. of Tenn.,* 159 F.3d 199, 204 (6th Cir.1998).

We review the district court's grant of summary judgment de novo. *Lanier v. Bryant,* 332 F.3d 999, 1003 (6th Cir.2003).

■ Upon review, we conclude that the district court properly granted summary judgment in favor of Bird because he is entitled to qualified immunity. In order to survive a defendant's assertion of qualified immunity, the plaintiff must allege sufficient facts to show that the defendant's conduct violated a clearly established constitutional right. *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Siegert v. Gilley,* 500 U.S. 226, 232–33, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Mattox v. City of Forest Park,* 183 F.3d 515, 520 (6th Cir.1999).

■ Vintilla's complaint failed to allege that Bird violated a clearly established constitutional right under the Due Process Clauses of the Fifth and Fourteenth Amendments. *See Buchanan v. Apfel,* 249 F.3d 485, 491 (6th Cir.2001) (substantive due process); *Macene v. MJW, Inc.,* 951 F.2d 700, 706 (6th Cir.1991) (procedural due process). In addition, Vintilla's malicious prosecution claim fails because she did not allege a Fourth Amendment claim. *See Thacker v. City of Columbus,* 328 F.3d 244, 258 (6th Cir.2003).

■ We further conclude that the district court properly granted summary judgment in favor of the City. Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 442 (6th Cir.2000). Moreover, the theory of respondeat superior simply cannot provide the basis for liability in § 1983 actions. *Monell,* 436 U.S. at 691, 98 S.Ct. 2018.

Vintilla neither alleged in her complaint nor presented any evidence in response to the defendants' motion for summary judgment that the City operated pursuant to an unconstitutional policy or custom requiring its police officers to violate the constitutional rights of its citizens. Even if Bird did violate Vintilla's constitutional rights, the City cannot be held responsible for his conduct under § 1983 simply because the City employed Bird. *See id.; Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997).

Vintilla has waived appellate review of the district court's dismissal of her Fifth and Fourteenth Amendment equal protection claim, her § 1985(3) claim, and her claim for punitive damages against the City. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.