**David J. SCOTT, Plaintiff–Appellant,**

v.

**Robert NORTON, et al., Defendants–Appellees.**

No. 03–1983.

United States Court of Appeals, Sixth Circuit.

April 28, 2004.

David J. Scott, Kingsley, MI, pro se.

Before SUHRHEINRICH, GIBBONS, and SUTTON, Circuit Judges.

*ORDER*

David J. Scott, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 31, 2003, Scott filed a complaint against Laura Dotson, Michigan Department of Corrections (MDOC) Manager of Prisoner Affairs, and the following MDOC officials employed at the Chippewa Correctional Facility (CCF): Counselor Robert Norton, Assistant Deputy Warden J. Boynton, and Warden Patricia Caruso. Relying upon the First, Fifth, and Fourteenth Amendments, Scott alleged that the defendants denied him access to the courts, due process, and conspired to violate his civil rights. Scott explained that on March 11, 1999, MDOC officials confiscated audio tapes from his cell, claiming that they were contraband. As a result of his possession of the tapes, Scott received a minor misconduct ticket despite his protestations that he had "appropriate written approval" to possess the tapes. According to Scott, the confiscated tapes contained evidence pertaining to various litigation activity in which Scott was involved.

Scott alleged that on May 23, 1999, following an administrative hearing, Norton upheld the confiscation of his audio tapes. Scott appealed Norton's decision to Boynton. When Scott did not receive a response from Boynton, he filed a Step I grievance on December 16, 1999, in which he requested a decision on his appeal. However, Scott's grievance was returned to him as untimely. Scott submitted a Step II grievance appeal, which was denied by Caruso, and his Step III grievance appeal was denied by Dotson on March 30, 2000. Scott sought injunctive and monetary relief.

The district court dismissed Scott's complaint for failure to state a claim upon which relief may be granted pursuant to the provisions of 28 U.S.C. §§ 1915A and 1915(e) and 42 U.S.C. § 1997e(c). The district court denied Scott's motion to alter or amend judgment. Scott's subsequent "motion for relief of judgment and leave to file first amended complaint" was also denied. Scott has filed a timely appeal.

We review de novo a district court's judgment dismissing a suit for failure to

state a claim upon which relief may be granted under §§ 1915A and 1915(e). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* We also review de novo a district court's judgment dismissing a prisoner's complaint under § 1997e(c). *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998).

■ Upon review, we conclude that the district court properly dismissed Scott's complaint. First, Scott failed to allege an access to the courts claim. *See Lewis v. Casey,* 518 U.S. 343, 351–52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Scott did not allege that he was denied the opportunity to present any claims in court or that his access to the courts was obstructed or impeded by the confiscation of his audio tapes. *See id.* at 350.

■ Second, Scott failed to allege a procedural due process claim. *See Macene v. MJW, Inc.,* 951 F.2d 700, 706 (6th Cir. 1991). Scott did not allege that he was deprived of property without notice and an opportunity to be heard, *see id.,* and he did not allege that the post-deprivation remedies provided by the State of Michigan were inadequate to redress his alleged injury. *See Hudson v. Palmer,* 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor,* 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Copeland v. Machulis,* 57 F.3d 476, 479–80 (6th Cir.1995).

■ Third, Scott failed meaningfully to allege a conspiracy claim. *See Collyer v. Darling,* 98 F.3d 211, 233 (6th Cir.1996).

Aside from Scott's bare assertion of a conspiracy, he offered no factual support or evidence upon which a conspiracy involving the defendants could be based.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.