**Robert A. DICKERSON,**
**Plaintiff–Appellant,**

v.

**Ricky PARNELL, Jailer, Fulton**
**County Detention Center, et**
**al., Defendants–Appellees.**

No. 03–6189.

United States Court of Appeals,
Sixth Circuit.

June 10, 2004.

Robert A. Dickerson, West Liberty, KY, pro se.

Stacey A. Blankenship, Denton & Keuler, Paducah, KY, for Defendant–Appellee.

Before: KEITH, CLAY, and GIBBONS, Circuit Judges.

## ORDER

Robert A. Dickerson, a Kentucky prisoner proceeding pro se, appeals a district court order and judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 21, 2001, Dickerson filed a complaint against the City of Hickman Sheriff's Department (City) and the following Fulton County Detention Center (FCDC) officials: Jailer Ricky Parnell, Sergeants Glenda Johnson and Carrie Powell, and Captain Rhonda Edmontson. Relying upon the Kentucky Constitution and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, Dickerson alleged that the defendants conspired to violate his constitutional rights, deprived him of his personal property, denied him access to the courts, denied him equal protection and discriminated against him on the basis of his African–American race, denied him the right to petition the government for redress of his grievances, retaliated against him, falsely arrested/imprisoned him, and maliciously prosecuted him.

Dickerson alleged that on February 9, 2001, he and Michael Forrester, a fellow Caucasian inmate, were charged with destruction of the sleeping mats that had been issued to them by the FCDC. As a result of such charge. Dickerson alleged that $60 was deducted from his inmate

account to replace the mat, but $60 was not deducted from Forrester's account. Dickerson alleged that his request for a refund of the money that had been deducted from his inmate account was denied and when he expressed his anger concerning the refund issue, Johnson falsely charged him with terroristic threatening. Dickerson alleged that he was arraigned on the terroristic threatening charge, bond was set, and counsel was appointed, but the charge was subsequently dismissed without prejudice. Dickerson sought monetary, injunctive, and declaratory relief.

Upon initial screening of the complaint pursuant to the provisions of 28 U.S.C. § 1915A, the district court dismissed all of Dickerson's claims, with the exception of the following: the Fourth and Fourteenth Amendment claims against Johnson and Powell for false arrest/imprisonment and malicious prosecution, the Fourteenth Amendment and state law claims against Parnell for racial discrimination, the § 1985(3) claims against Johnson and Powell for conspiracy to falsely arrest/imprison and maliciously prosecute Dickerson, and the state law claim against Johnson and Powell for interference with Dickerson's right to petition the government for redress of his grievances. Thereafter, the defendants filed a motion for summary judgment, to which Dickerson responded. A magistrate judge filed a report recommending that the remaining claims be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and 42 U.S.C. § 1997e(c)(2) for failure to state a claim upon which relief may be granted and that the defendants' motion for summary judgment be denied as moot. Over Dickerson's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the case. Dickerson has filed a timely appeal.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *James v. Meow Media, Inc.*, 300 F.3d 683, 689 (6th Cir.2002), *cert. denied*, 537 U.S. 1159, 123 S.Ct. 967, 154 L.Ed.2d 893 (2003); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed. R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum*, 58 F.3d at 1109; *accord James*, 300 F.3d at 689.

Upon review, we conclude that Dickerson's complaint failed to state a claim upon which relief may be granted and was properly dismissed by the district court. First, Dickerson's allegations failed to state a claim for denial of equal protection based upon the deduction of funds from his inmate account to replace a mat that he was charged with destroying. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990). Second, Dickerson was neither falsely arrested/imprisoned nor maliciously prosecuted as a result of the terroristic threatening charge. *See Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979); *Darrah v. City of Oak Park*, 255 F.3d 301, 310–12 (6th Cir.2001).

Third, Dickerson's allegations failed to state a conspiracy claim. *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir.1996). Fourth, it was unnecessary for the district court to consider Dickerson's supplemental state law claim alleging interference with his right to petition the government for redress of his grievances because his fed-

eral claims had been dismissed. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Fifth, Dickerson's complaint failed to state a due process claim based upon the deprivation of his inmate account funds. *See Macene v. MJW, Inc.,* 951 F.2d 700, 706 (6th Cir. 1991); *Wagner v. Higgins,* 754 F.2d 186, 192 (6th Cir.1985).

Dickerson waived appellate review of the district court's initial order of dismissal, with the exception of the dismissal of his due process claim, because he did not challenge such order on appeal. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, we affirm the district court's order and judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.