**No. 05-3016**
File Name: 05a0799n.06
Filed: September 21, 2005

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

KATHLEEN A. WALSH,                          )
                                        )
  Plaintiff-Appellee,                )
                                        )
    v.                       )
                                        ) ON APPEAL FROM THE
CUYAHOGA COUNTY, *et al.*,                   ) UNITED STATES DISTRICT
                                        ) COURT FOR THE NORTHERN
  Defendants,                        ) DISTRICT OF OHIO
                                        )
and TERRY ALLAN,                            )
                                        )
  Defendant-Appellant.               )

Before:     **NELSON** and **SUTTON**, Circuit Judges, and **ZATKOFF**, District Judge.[*]

**DAVID A. NELSON**, Circuit Judge.  This is an appeal from a denial of qualified immunity.  The main question before us is whether the plaintiff was deprived of her civil service job without due process of law.  We conclude that she was not, and we shall therefore reverse the denial of qualified immunity.

---

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

I

The case stems from a meeting held on Friday, October 19, 2001, between Kathleen Walsh, then a classified civil service secretary employed by the Board of Health of Cuyahoga County, Ohio, and Terry Allan, then the director of the Board's community health division. The subject of the meeting was Ms. Walsh's job performance. The meeting ended, according to Ms. Walsh, with Allan instructing her to "clean out [her] desk" and stating that "he would expect a letter [of resignation] on Monday." For purposes of this appeal, Mr. Allan accepts Ms. Walsh's account as accurate.

Ms. Walsh did not report to work the following week. (Neither did she submit a letter of resignation.) On October 25, 2001, Mr. Allan prepared a "request for disciplinary action" based on the unexcused absence and on Ms. Walsh's job performance. Under date of October 26, 2001, the Board notified Ms. Walsh that a "pre-disciplinary conference" would be held six days later before the Director of Environmental Health. Ms. Walsh did not attend the pre-disciplinary conference.

After her failure to appear at the conference, the Board notified Ms. Walsh that she was "removed" — *i.e.*, discharged — effective November 28, 2001. Ms. Walsh had a statutory right to appeal the order of removal to the Personnel Board of Review, see Ohio Rev. Code § 124.34(B), but she took no appeal.

Instead, Ms. Walsh brought an action for money damages against Cuyahoga County, the Board, the Health Commissioner, and Mr. Allan. The complaint, filed in federal district

court, alleged that Ms. Walsh had been discharged without a pre-termination hearing in violation of her Fourteenth Amendment right to due process of law.

The defendants moved for summary judgment, with Mr. Allan — who had been sued in both personal and official capacities — claiming qualified immunity. The district court denied the defendants' motion. The court concluded (1) that a reasonable jury could find that Ms. Walsh had been discharged on October 19, 2001, without benefit of a pre-termination hearing and (2) that Mr. Allan was not entitled to qualified immunity because Ms. Walsh's right to a pre-termination hearing was clearly established by *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985). Mr. Allan filed a timely interlocutory appeal.

II

We must first determine whether we have jurisdiction to hear the appeal. "A defendant who is denied qualified immunity may file an interlocutory appeal . . . only if that appeal involves the abstract or pure legal issue of whether the facts alleged by the plaintiff constitute a violation of clearly established law." *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998). Where facts are in dispute, therefore, "the defendant must . . . be willing to concede the most favorable view of the facts to the plaintiff for purposes of the appeal." *Id.*

Although Ms. Walsh contends that Mr. Allan has not conceded her version of the facts, this contention will not wash. Mr. Allan has acknowledged that for present purposes this court "*must* assume that appellee's allegations of what was stated during the [October

19] meeting are true." Appellant's Br. at 6-7 n.2 (emphasis supplied). Allan's argument is that even under Ms. Walsh's version of the facts, no due process violation occurred. We have jurisdiction to address that argument in an interlocutory appeal. See *Berryman*, 150 F.3d at 563, 564.

III

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The first step in our analysis must be to determine whether, on the facts alleged, a statutory or constitutional right has been violated at all. See *Sample v. Bailey*, 409 F.3d 689, 695 (6th Cir. 2005).

The constitutional right at issue here is the Fourteenth Amendment right not to be deprived of property by the government without due process of law. As a classified civil servant, Ms. Walsh had a protected property interest in her employment. See Ohio Rev. Code §§ 124.11(B), 124.34(A); *Loudermill*, 470 U.S. at 538-39. And for the purposes of this appeal, we shall assume that Ms. Walsh was deprived of that property interest by Mr. Allan's

conduct at the October 19 meeting.[1]  The question, therefore, is whether Ms. Walsh received the process she was due.  See *Mitchell v. Fankhauser*, 375 F.3d 477, 480 (6th Cir. 2004).

What process is due depends upon whether the deprivation of property occurs pursuant to an "established state procedure" or results from a "random, unauthorized act of a state employee."  See *Mitchell*, 375 F.3d at 481-84.  If the former, then "it is both practicable and feasible for the state to provide pre-deprivation process," and the state must do so regardless of the adequacy of any post-deprivation remedy.  *Moore v. Board of Education of the Johnson City Schools*, 134 F.3d 781, 785 (6th Cir.), *cert. denied*, 525 U.S. 929 (1998) (internal quotation marks omitted); see *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982).  If the latter, then "predeprivation procedures are simply impracticable" and an adequate post-deprivation remedy affords all the process that is due.  See *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (internal quotation marks omitted); *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991).

It is clear, we think, that Mr. Allan was not acting pursuant to an "established state procedure" when, as we presume, he told Ms. Walsh to clean out her desk and submit a letter of resignation.  As shown by some of the forms appended to its policies and procedures

---

[1]It is unlikely that what transpired at the October 19 meeting, as described by Ms. Walsh, really deprived Ms. Walsh of her property interest in continued employment.  As we shall see, Allan did not follow the established procedures for removal of a classified civil servant.  In all probability Ms. Walsh remained employed as a matter of law.  But a reasonable trier of fact could find both that Allan intended to fire Ms. Walsh and that she believed she had been fired.  It thus seems appropriate for us to assume that Ms. Walsh was deprived of her employment as a practical matter.

manual, the Board's established disciplinary procedure entailed a written request for disciplinary action, a pre-disciplinary conference, and (if there was to be a discharge) an order of removal. Ohio Revised Code § 124.34(B) provides that "the appointing authority shall serve the employee with a copy of the order of . . . removal, which order shall state the reasons for the action. The order shall be filed with the director of administrative services and state personnel board of review . . . ." None of these procedures was followed at or before the October 19 meeting. Mr. Allan's putative action must therefore be considered "unauthorized."

Nor did the Board of Health ratify the action which we are assuming Mr. Allan took at the October 19 meeting. The case at bar is thus clearly distinguishable from *Loudermill*, as we see it. There the aggrieved employee received a letter of discharge from the business manager of the defendant school board after the board learned that the employee had lied about his criminal record on his job application. *Loudermill*, 470 U.S. at 535. Any possible doubt as to whether the board authorized the discharge was resolved when, 10 days later, "the Board adopted a resolution officially approving the discharge." *Id.*

In the case at bar, by contrast, the Board notified Ms. Walsh one week after her putative discharge that a "pre-disciplinary" meeting would be held to give her an opportunity to respond to allegations of "employee misconduct" that included absenting herself from work on October 22, 23, 24, 25 and 26 without having reported the reason for her absence

and without having asked for time off. Ms. Walsh was thus left in no doubt that as of October 26, 2001, she was still an employee as far as the Board was concerned.

It follows from what we have said that an adequate post-deprivation remedy satisfies Ms. Walsh's right to due process of law. See *Hudson*, 468 U.S. at 533; *Macene*, 951 F.2d at 706. Ms. Walsh has not challenged the adequacy of the post-deprivation remedies afforded her by the Board and by state law — namely, a conference and an opportunity to appeal the final order of removal. Accordingly, she cannot demonstrate a violation of her constitutional rights. See *Macene*, 951 F.2d at 705-06; *Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983), *cert. denied*, 469 U.S. 834 (1984).

In the absence of a constitutional violation, Allan is entitled to qualified immunity. See *Sample*, 409 F.3d at 695. The denial of qualified immunity is therefore **REVERSED**, and the case is remanded for further proceedings consistent with this opinion.