**Richard PREWITT and Judie Prewitt, Plaintiffs,**

v.

**CITY OF ROCHESTER HILLS, Defendant.**

**No. CIV.A. 99CV73986DT.**

United States District Court, E.D. Michigan, Southern Division.

June 19, 2000.

Eric J. McCann, Birmingham, MI, for Richard Prewitt, Judie Prewitt.

Lawrence R. Ternan, Beier Howlett, Bloomfield Hills, MI, Carol A. Rosati, Johnson, Rosati, Farmington Hills, MI, for Rochester Hills.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### and

## ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

FRIEDMAN, District Judge.

This matter is presently before the court on defendant's motion for summary judgment and defendant's motion for sanctions. Plaintiff has responded to both motions. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide these motions without oral argument.

This case has a long and interesting history. In 1986, plaintiffs purchased a small house in Rochester Hills, Michigan. The house was built in the 1800s and is located in an historic district. In March 1991, a representative of the city building department notified plaintiffs that the house was in a state of disrepair, in violation of a local ordinance. Plaintiff believed (and still believes) that it would cost a small fortune to have the house fully and properly repaired, due to its age and dilapidated condition. In July 1992, plaintiffs filed an application with the Rochester Hills Historic Districts Commission ("HDC") for a permit to demolish the house. In September 1992, on a 4–2 vote, the application was denied on the grounds that "[d]emolition of the structure is not in the best interest of the majority of the community." Plaintiffs appealed to the Rochester Hills city council, which declined to hear the matter. In November 1992, plaintiffs filed a petition for a writ of mandamus in Oakland Circuit Court, which ordered that the city council review the decision of the HDC.

In January 1993, the Rochester Hills city council held a hearing regarding the denial of plaintiffs' application for a demo-lition permit. After a lengthy hearing, the city council voted to table the matter. In July 1993, after settlement negotiations failed, the city council again considered the matter and affirmed the HDC's decision on a 5–1 vote. The city council made several findings, including that (1) "[t]he structure is an original part of a historic area and its demolition would be an irreplaceable loss to this community," and (2) plaintiffs failed to show that they would suffer "undue financial hardship" if the demolition permit were denied.

Plaintiffs again petitioned the Oakland Circuit Court for a writ of mandamus. The court referred the matter to the Michigan Historical Commission pursuant to a state statute, which requires an appeal from a decision of an historic district commission to be heard by "the state historic preservation review board of the Michigan historical commission within the department of state." M.C.L. § 399.205(2).

In April 1994, the state historic preservation review board held a hearing on plaintiffs' appeal. The parties were represented by counsel. Witnesses were examined, exhibits were introduced, and opening and closing statements were made. A hearing officer issued a 56–page proposed decision, which contained a detailed summary of the evidence, and extensive findings of fact and conclusions of law. Over plaintiffs' objections, the state historic preservation review board adopted the proposed decision and denied the appeal on a 5–0 vote in December 1994.

In January 1995, plaintiff returned to Oakland Circuit Court and filed a document entitled "notice of hearing and appeal from historic preservation review board and motion to compel issuance of demolition permit." Defendant City of Rochester Hills filed a motion to dismiss, arguing that the appeal failed to comply with various procedural requirements.[1] In

---

1. Defendant argued that the appeal was procedurally improper because (1) plaintiffs did not commence a separate action entitled "petition for review"; (2) plaintiffs failed to sue the proper party (namely, the State Historic Preservation Review Board), but instead named the City of Rochester Hills; (3) plain-tiffs failed to submit to the court a copy of the final agency decision; (4) plaintiff did not serve the agency with true copies of the appeal; and (5) plaintiff's appeal raised questions of fact, rather than limiting the appeal to the administrative record.

February 1995, the court dismissed the appeal "without prejudice to file any appeal that may be allowed by law or court rule."

In June 1995, plaintiffs filed another application for a demolition permit with the HDC. That application was denied on the grounds that it was no different from the first such application.

In September 1995, plaintiffs commenced a new lawsuit in this court against the City of Rochester Hills. They alleged, among other things, that the denial of their application for a demolition permit constituted a taking of their property without compensation. The complaint asserted claims under the fifth and fourteenth amendments for violations of their rights to due process and equal protection. In May 1996, the court dismissed without prejudice plaintiffs' claims for a fifth amendment taking and substantive due process, and granted summary judgment for defendant on plaintiffs' equal protection and procedural due process claims. In analyzing the first two claims, the court stated:

> Plaintiffs primarily claim that the Commission's actions constitute a taking without just compensation in violation of the fifth amendment. "A claim that a government regulation constitutes a taking of property in violation of the fifth amendment will not be ripe for adjudication 'until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.'" *Seguin v. City of Sterling Heights,* 968 F.2d 584, 587 (6th Cir.1992) (quoting *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 186, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985)). If a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation. *Williamson,* 473 U.S. at 193, 105 S.Ct. 3108. In *Williamson,* the Supreme Court rejected a tak-

ing claim because the plaintiff had not shown that the inverse condemnation procedure was unavailable or inadequate, and until it utilized that procedure, its taking claim was premature. *Williamson,* 473 U.S. at 197, 105 S.Ct. 3108.

"In Michigan, the doctrine of inverse condemnation is long recognized and constitutionally established." *Macene v. MJW, Inc.,* 951 F.2d 700, 704 (6th Cir. 1991) .... "Michigan courts have held that inverse condemnation is a remedy for a taking and that a '"taking" of private property for public use is not restricted to cases involving absolute conversion of private property, but also includes cases where the value of the property is destroyed by the action of the government or where the owner is excluded from the use or enjoyment of his property.'" *Macene,* 951 F.2d at 704.

Plaintiffs here filed a state claim alleging a taking without just compensation. The Oakland County Circuit Court, following the Local Historic Districts Act, interpreted plaintiffs' action as an appeal from the Commission and referred the matter to the Review Board. Plaintiffs did not contest that interpretation. The state court dismissed plaintiffs' action when they failed to perfect an appeal from the state review board. Plaintiffs have not actively pursued an inverse condemnation claim and the state court has not ruled on an inverse condemnation claim. Plaintiffs do not contend that such a claim is unavailable or inadequate. Because plaintiffs have not pursued an inverse condemnation claim, their takings claim is not ripe for judicial review; this court is without jurisdiction to entertain such a claim before plaintiffs pursue an inverse condemnation claim in the state courts and receive an adverse ruling.

Plaintiffs also argue that the Commission's actions in denying their permit constitute a violation of substantive due

process.... In *Williamson*, the Supreme Court interpreted an argument that the "regulation that goes so far that it has the same effect as a taking by eminent domain is an invalid exercise of the police power, violative of the Due Process Clause." The court declined to rule on the argument because the plaintiff there failed to seek a variance....

Plaintiffs here have not pursued an inverse condemnation claim. The effect of the agency actions cannot be measured until the state courts reach a final decision as to how the regulations will be applied to plaintiffs' property. Plaintiffs may receive just compensation in the inverse condemnation proceeding, negating any substantive due process claim. Consequently, plaintiffs' substantive due process claim is not ripe.

*Prewitt v. City of Rochester Hills,* Civil Action No. 95–73668, slip op. at 4–7 (E.D.Mich. May 29, 1996).

In June 1996, plaintiff commenced a new lawsuit against the City of Rochester Hills in Oakland County Circuit Court, alleging that "[t]he denial of Plaintiffs' requested demolition permit constitutes a seizure of their property without just compensation in violation of the 1963 Michigan Constitution, Article 10, Section 2 and the fifth and fourteenth amendments to the U.S. Constitution." For relief, plaintiffs sought "just compensation for the value of the property taken by Defendant," as well as costs and attorney fees. In December 1996, the court granted defendant's motion for summary disposition on the grounds that the administrative proceedings before the state historic preservation review board are res judicata and bar plaintiffs' claims.

Plaintiffs appealed to the Michigan Court of Appeals. In August 1998, that court affirmed the decision of the Oakland Circuit Court, stating:

[T]he primary area of contention on appeal is whether there was a final ruling on the merits in the administrative proceeding, precluding plaintiffs from raising the same issues in a subsequent state action. Specifically, the issue before this Court is whether the State Historic Preservation Review Board's administrative decision to affirm the denial of a demolition permit constituted a final decision on the merits for purposes of the preclusion doctrines when plaintiffs failed to properly appeal the ruling to circuit court.

In the case at bar, plaintiffs' application for a demolition permit was initially considered by the State Historic Commission, which denied the request for a permit. The commission's decision was next considered by the State Historic Preservation Review Board pursuant to M.C.L. § 399.205(2); MSA 5.3407(5)(2), which upheld the commission's decision. According to the Local Historic District's Act, M.C.L. § 399.205(2); MSA 5.3407(5)(2), and the Administrative Procedures Act, M.C.L. § 24.304; MSA 3.560(204), plaintiffs then had 60 days from the issuance of the adverse decision to file an appeal in the circuit court. Although plaintiffs made an initial effort to appeal the decision, their case was dismissed without prejudice because of procedural deficiencies in the appeal. Thereafter, instead of perfecting the appeal in a timely and orderly fashion, plaintiffs sought to relitigate the same facts and issues by filing a separate circuit court suit and renaming the cause of action as a taking in violation of the United States and Michigan Constitutions. This case was dismissed by the circuit court based on the doctrine of collateral estoppel.

We find that the preclusion doctrines bar plaintiffs from asserting the same claims in circuit court as they did in the administrative forum because their failure to properly appeal to circuit court rendered the administrative decision a final judgment on the merits with preclusive effects. We are convinced that plaintiffs had a full and fair opportunity to raise the issue of a takings violation before the State Historic Preservation Review Board, and had ample time to file an appeal to the circuit court, in

accordance with the statute. Therefore, plaintiffs' failure to pursue the appropriate relief in circuit court rendered the decision of the administrative agency a final ruling, precluding a subsequent action on the same issues and claims.

\* \* \* \* \* \*

In conclusion, we find that plaintiffs are not permitted to maintain present or future lawsuits which deal with the same factual issues already litigated by simply renaming the cause of action. Michigan courts have adopted a broad interpretation of the doctrine of res judicata that bars not only claims actually litigated in the prior action, but every claim that arises out of the same transaction that could have been raised if the parties exercised reasonable diligence.... Because plaintiffs failed to file a proper appeal in circuit court challenging the administrative decision, the ruling of the State Historic Preservation Review Board became a final decision on the merits, and the preclusion doctrines bar any subsequent relitigation of those issues or claims.

In August 1998, the Michigan Supreme Court denied plaintiffs' application for leave to appeal.

In August 1999, plaintiff filed the instant lawsuit. The complaint is essentially identical to the one which this court dismissed in May 1996. Plaintiffs again allege that the City of Rochester Hills, through the HDC, has taken their property without just compensation, in violation of the fifth and fourteenth amendments; that defendant violated plaintiffs' fifth amendment due process rights by refusing to hear their second application for a demolition permit; that defendant's actions are arbitrary and capricious and have violated plaintiffs' fifth and fourteenth substantive due process rights; and that defendant has conspired to deprive plaintiffs of these rights.

### Defendant's Motion for Summary Judgment

Defendant has filed a motion to dismiss or for summary judgment. Because the motion is supported by matters outside the pleadings, the court shall consider the motion pursuant to Fed.R.Civ.P. 56. Plaintiffs have filed a response brief, and both parties have submitted many documents from the prior court and administrative proceedings. At the court's request, the parties also submitted a complete copy of the administrative law examiner's 56–page "proposal for decision," which the State Historic Preservation Review Board subsequently accepted and adopted as the final administrative decision in this matter.

Having thoroughly reviewed all of the documents, and having considered the arguments of counsel, the court is persuaded that defendant is entitled to summary judgment for the same reasons articulated by the Michigan Court of Appeals. That court correctly concluded that the decision of the state historic preservation review board is binding because plaintiffs did not appeal it properly to state circuit court. As noted above, plaintiffs did attempt to appeal the administrative decision to Oakland County Circuit Court, but the appeal was dismissed for plaintiffs' failure to comply with certain procedural requirements. Plaintiffs never corrected these procedural errors by filing a proper petition for review. As a result, the decision of the State Historic Preservation Review Board went unchallenged; and once the appeal period expired, its findings and conclusions became res judicata as to any subsequent claims plaintiffs might seek to raise which arise from this transaction. As noted above, the Michigan Court of Appeals analyzed this issue at length in its August 21, 1998, opinion. The court finds no fault with the Michigan Court of Appeals' analysis.

Therefore, the administrative decision is final and binding as to all of the claims that were or could have been raised, and also as to all of the factual issues that were raised and were necessary to the decision. Plaintiffs raised their "takings" claim in the administrative proceeding by arguing that it is not feasible to restore

the house and that no purchaser will buy it in its present condition. The review board rejected this claim by finding, under M.C.L. § 399.205(6)(c), that there will not be any "undue financial hardship to the owner." Moreover, plaintiffs had a full and fair opportunity to raise the "undue hardship" claim during the administrative proceeding. Plaintiffs and defendant argued this issue at length, and presented witnesses and various documentary evidence relating thereto. The administrative law examiner summarized this evidence in exhaustive detail, and explained at great length the basis for his conclusion that plaintiffs had failed to demonstrate that the local historic district had not imposed an undue financial hardship on plaintiffs by denying their application for a demolition permit. Even if the administrative law examiner's decision had not been as thorough and thoughtful, the fact remains that the issue of financial hardship was fully and fairly aired at the administrative hearing. The administrative conclusion that plaintiffs have not been burdened with an undue financial hardship became binding when plaintiffs failed to perfect an appeal of the final administrative decision.

■ Under these circumstances, plaintiffs' claims under the fifth and fourteenth amendments of the United States Constitution are defeated because plaintiffs are bound by the administrative findings that the property in question has not been rendered valueless. To make out a claim for a taking, plaintiff must show that the regulation at issue denies him "economically viable use" of the property. *See, e.g., Agins v. City of Tiburon,* 447 U.S. 255, 260, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980). That is, plaintiff must show that the regulation has caused him to "sacrifice all economically beneficial uses [and] to leave his property economically idle." *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1018, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992). Conversely, a taking has not occurred where the property "retains any reasonable beneficial use." *MacDonald, Sommer & Frates v. County of Yolo,* 477

U.S. 340, 349, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986). In the present case, the state board adopted the administrative law examiner's finding that plaintiffs' house, even in its current condition, could be sold to a purchaser interested in doing the restoration work if plaintiffs would reduce their asking price and/or intensify their marketing efforts. This finding conclusively establishes that the denial of the demolition permit has not resulted in the loss of all reasonable beneficial use of plaintiffs' house.

■ Even if a taking had occurred in this case, this court would be powerless to entertain plaintiff's complaint. A federal district court lacks jurisdiction to review matters which have been litigated in state court. "The Supreme Court's decisions in *Rooker [Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) ] and *Feldman [District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ], taken together, stand for the proposition that the inferior federal courts lack the authority to perform, in effect, an appellate review of state court decisions. This now well-settled rule has become known as the *Rooker–Feldman* Doctrine." *Community Treatment Ctrs. v. City of Westland,* 970 F.Supp. 1197, 1212 (E.D.Mich.1997). A party raising a federal question in a state court action "must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens,* 54 F.3d 271, 274 (6th Cir.1995). A party may not obtain a ruling from a state court on a federal question and then, if dissatisfied, raise the question anew in a separate action filed in federal district court.

In the present case, plaintiffs raised their takings claim in their Complaint for Damages and Demand for Jury, filed July 1, 1996, in Oakland County Circuit Court. A copy of this complaint is attached to defendant's summary judgment motion as Exhibit 17. In ¶¶ 28–31, plaintiffs specifi-

cally alleged that the denial of their application for a demolition permit constituted a taking of property without due process, in violation of the fifth and fourteenth amendments. The Oakland County Circuit Court dismissed this complaint, and the Michigan Court of Appeals affirmed. Under the Rooker–Feldman Doctrine, this court lacks subject matter jurisdiction to entertain this lawsuit, as it raises the same issues which were, or which could have been, raised in the state case. A federal district court does not sit as a court of appeals reviewing state court decisions. Plaintiffs' remedy was to appeal the Michigan Court of Appeals' decision to the Michigan Supreme Court and, from there, to seek review in the United States Supreme Court.

Defendant has also moved for sanctions. The court is not persuaded that sanctions should be imposed, and this aspect of defendant's motion is denied.

For these reasons,

IT IS ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that defendant's motion for sanctions is denied.