**Jerry LAFFERTY, Plaintiff,**

v.

**BOARD OF EDUCATION OF FLOYD COUNTY, et al., Defendants.**

**No. CIV. A. 99–123.**

United States District Court, E.D. Kentucky.

March 23, 2001.

---

JoEllen Sensenbach McComb, Jane V. Fitzpatrick, Brooks & McComb, Lexington, KY, for plaintiff.

Michael J. Schmitt, Jonathan C. Shaw, Wells, Porter, Schmitt & Jones, Paintsville, KY, Kevin M. Noland, Kentucky Dept. of Education, Frankfort, KY, Anne Keating, Office of General Counsel, Frankfort, KY, for defendants.

## ORDER

HOOD, District Judge.

Plaintiff has moved the Court for summary judgment [Record No. 20]. Defendant has also moved for summary judgment [Record No. 17]. The time for responsive pleadings has lapsed without further filings. These matters are now ripe for decision.

### Standard of Review

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The "nonmoving party cannot rest on its pleadings," and must show the Court that "there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir.1997).

## Factual Background

The following are the pertinent facts. Plaintiff is a certified teacher. After 12 years of employment as a teacher in the Floyd County school system, plaintiff was terminated by defendants. Plaintiff requested and received a tribunal hearing to contest his termination. The tribunal upheld plaintiff's termination, and plaintiff filed a timely appeal in state court, alleging state law violations against defendants. Plaintiff also asserted claims under 42 U.S.C. § 1983. Shortly thereafter, defendant removed the action on the basis of federal question jurisdiction.

In an Order denying remand, dated June 9, 1999 [Record No. 9], this Court determined that jurisdiction vested with this Court solely under Plaintiff's 42 U.S.C. § 1983 claim. Therefore, the Court determined that if Plaintiff's § 1983 claim is dismissed on summary judgment, then the Court will dismiss Plaintiff's state claims without prejudice and remand them back to state court. Accordingly, the plaintiff's 42 U.S.C. § 1983 claim will be addressed first.

## Analysis

■ Plaintiff's complaint alleges violations of both federal and state law. The federal claims are grounded in 42 U.S.C. § 1983. This provision does not establish any substantive rights, but rather provides the plaintiff with a cause of action if a specific portion of the United States Constitution has been violated. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979); *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir.1990). The plaintiff in this action alleges that the defendants have violated his Fourteenth Amendment right to Due Process.

■ Under the United States Constitution "the Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loud-ermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). When considering the plaintiff's claim that his Due Process rights have been violated, "this [C]ourt undertakes a two-step analysis. First, we determine whether the plaintiffs have a property interest that entitles them to due process protection.... Second, if the plaintiffs have such an interest, this court must then determine what process is due." *Leary v. Daeschner,* 228 F.3d 729, 741–42 (6th Cir.2000) (internal citations omitted). As this case involves the termination of a tenured teacher, as defined by KRS 161.720–800, the plaintiff has established a viable property interest. Accordingly, this prong of the analysis is not at issue.

■ The determination regarding the secondary aspect of this analysis "is one of federal law and thus is not limited by the procedures that the state may have deemed to be adequate when it created the property right." *Id.* The process due to the plaintiff is determined by a procedural analysis, as this case does not allege any substantive Due Process violations. In the Sixth Circuit,

"a § 1983 plaintiff may prevail on a procedural due process claim by either (1) demonstrating that he is deprived of property as a result of established state procedure that itself violates due process rights; or (2) by proving that the defendants deprived him of property pursuant to a 'random and unauthorized act' and that available state remedies would not adequately compensate for the loss."

*Moore v. Board of Educ. of Johnson City Schools,* 134 F.3d 781, 785 (6th Cir.1998), quoting *Macene v. MJW, Inc.,* 951 F.2d 700, 706 (6th Cir.1991). This case challenges the application of an established state procedure, rather than a random act by government officials.

■ In its most essential terms, Due Process protects an individual by preventing the state from destroying a property interest "without first giving the putative

owner an opportunity to present his claim of entitlement." *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 434, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). The Fourteenth Amendment requires "an opportunity . . . granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). There must be a "hearing appropriate to the nature of the case." *Logan,* 455 U.S. at 428, 102 S.Ct. 1148 (1982). It is clear that "[t]he Due Process Clause of the Fourteenth Amendment prevents states from denying potential litigants use of established adjudicatory procedures, when such an action would be the equivalent of denying them an opportunity to be heard upon their claimed rights." *Sutton v. Cleveland Bd. of Educ.,* 958 F.2d 1339, 1350 (6th Cir.1992) (internal citations omitted).

These guidelines are broad and vague, but the Sixth Circuit has facilitated the investigation of procedural Due Process claims by establishing criteria for analysis. While generally applied to pre-termination hearings, the

> "traditional standard for the constitutionality of a particular procedure focuses on three factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Moore v. Board of Educ. of Johnson City Schools,* 134 F.3d 781, 785 (6th Cir.1998), quoting *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In addition, Due Process

> "requires that a discharged employee's post-termination hearing be substantially more 'meaningful' [when a pre-termination hearing is abbreviated]. At a

minimum, this requires that the discharged employee be permitted to attend the hearing, to have the assistance of counsel, to call witnesses and produce evidence on his own behalf, and to know and have an opportunity to challenge the evidence against him. The severity of depriving a person of the means of livelihood requires that such person have at least one opportunity for such a full hearing, so that he may challenge the factual basis for the state's action and may provide reasons why that action should not be taken."

*Sutton v. Cleveland Bd. of Educ.,* 958 F.2d 1339, 1350 (6th Cir.1992).

The criteria for analysis established by the Sixth Circuit can be directly applied to the case at bar. The pre-deprivation procedure fulfilled the Constitutional Due Process requirements. Prior to Plaintiff's termination on September 1, 1998, the Interim Superintendent, Michael King, conducted an inquiry. "Ample evidence" surfaced to support the claim that the Plaintiff had, among other things, "initiated discussions with students about circumcision and the size of student's penises." Plaintiff's exhibit A. It is clear that the plaintiff was given an opportunity to make a statement on his own behalf, prior to his termination under KRS 161.790(1)(b). The letter of termination notes that Plaintiff "acknowledged in [a] sworn statement on August 14, 1998 that conversations [regarding student penises] had occurred." *Id.* Therefore, Plaintiff was given the opportunity to be heard prior to his termination. In addition, the letter of termination informed Plaintiff that he had a "statutory right to appeal this decision within ten (10) days." *Id.*

This pre-termination procedure fulfilled the Due Process requirements established by the *Moore* decision. *Moore,* 134 F.3d at 785 (6th Cir.1998). While the "private interest" at stake was the plaintiff's livelihood, the defendants did attempt to follow a process that would prevent "erroneous

deprivation." *Id.* An investigation was conducted and the plaintiff made a sworn statement. Finally, when viewing the "Government's interest" and the "burdens" of additional procedural requirements, it is clear that Due Process requirements were met. The school district had a vital and legitimate interest in protecting its students from teachers who may be exposing students to sexually explicit conversations. In the face of this grave concern, the defendants still investigated allegations, and received sworn statements before terminating the plaintiff. It is important to remember that "Due [P]rocess is a flexible principle whose requirements depend on the facts of the individual case." *Leary v. Daeschner,* 228 F.3d 729, 743 (6th Cir. 2000), *See also Macene v. MJW, Inc.,* 951 F.2d 700, 706 (6th Cir.1991). "The essential requirements of due process ... are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Loudermill,* 470 U.S. at 546, 105 S.Ct. 1487 (1985). Thus, the defendants' pre-deprivation proceedings satisfied Constitutional Due Process requirements.

■ However, even if this pre-termination procedure is considered cursory, it is saved under the Due Process analysis by the extensive post-deprivation hearing. The Sixth Circuit has held that "the sufficiency of predeprivation procedures must be considered in conjunction with the options for postdeprivation review; if elaborate procedures for postdeprivation review are in place, less elaborate predeprivation process may be required." *Leary v. Daeschner,* 228 F.3d 729, 743 (6th Cir.2000).

■ The defendants presented Plaintiff with a "meaningful" post-deprivation review. *Sutton,* 958 F.2d at 1350 (6th Cir. 1992). Plaintiff was present at the thirteen day hearing, and was assisted by counsel. Plaintiff called witnesses on his own behalf, and was able to present evidence that challenged the charges against him. Plaintiff asserts that his right to Due Process was violated because one of his witnesses was bedridden due to pregnancy complications, and the hearing officer would not postpone proceedings until she recovered. Plaintiff's proposed witness, Chris Tackett, was to provide testimony to impeach the credibility of one of the students making allegations against the plaintiff.

This does not rise to the level of a Constitutional violation for a number of reasons. First, the plaintiff had a list of over 150 potential witnesses, 48 of which were slated to discuss their knowledge of the students at school. Many of these witnesses were listed as having "knowledge of students making allegations." Plaintiff's exhibit I. Plaintiff was given substantial leeway to present witnesses who would damage the credibility of the testifying students. The fact that a single witness was unavailable to testify, does not create a situation under which Plaintiff was unable to present evidence in his own defense.

Second, Tackett was absent due to a medical condition. The defendants did not produce this condition, and there have been no allegations that Ms. Tackett was absent due to government coercion, or other inappropriate behavior. Her absence at the proceedings cannot be attributed to the government, and is not actionable as a Constitutional violation.

Finally, the plaintiff's proposed postponement would have delayed proceedings by a number of months. The administrative hearing officer determined that this delay would not be productive. The hearing took over thirteen days, and the hearing tribunal would likely be placed at a disadvantage if a long delay took place between the initial presentation of the evidence, and the presentation of Plaintiff's final witness. The Fourteenth Amendment only requires that the hearing be "granted at a meaningful time and in a meaningful manner," *Armstrong v. Manzo,*

380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). The hearing officer's determination to avoid an extensive delay was reasonable, and did not rise to the level of a Constitutional violation as the plaintiff was able to present other evidence regarding the allegations against him.

Plaintiff alleges other violations of Due Process, but none of his specific complaints are actionable under the applicable standards discussed above. Plaintiff contends that his Due Process rights were violated when a copy of the tribunal's final order was given to the local press, which had instituted an open records act request pursuant to KRS Chapter 61. Procedural Due Process does not require the defendants to shield the plaintiff from publication of the outcome of the tribunal's determinations.

Plaintiff also argues that members of the tribunal were not qualified to sit under Kentucky law. This assertion does not give rise to a Due Process violation as the identity of tribunal members did not prevent Plaintiff from exercising his Constitutional right to present evidence on his own behalf.

The plaintiff's remaining concerns revolve around the assertion that the tribunal's decision was inconsistent and arbitrary. However, this is not the case. The tribunal upheld Plaintiff's termination by finding him liable on a number of charges. However, one charge is beyond dispute, and substantial evidence exists to prove the truth of the allegations. Students Josh Clay, Jeremy Hatfield, Austin Lumpkins, Josh Barnette, Wes Fugate, Les Fugate, Wes Samons, and Lesley Stout all testified that Plaintiff initiated comments and conversations with students regarding circumcision and the penis sizes of various students at school.

While the plaintiff attempts to raise Constitutional Due Process issues regarding the credibility of students Hatfield and Clay, Plaintiff does not assert that the remaining students were not credible witnesses. In fact, Plaintiff apparently signed a sworn statement on August 14, 1998, acknowledging that such conversations did in fact take place. Plaintiff's exhibit A. This finding by the tribunal was supported by substantial evidence on the record. Standing alone, this determination provided grounds for upholding the tribunal's determination to affirm the plaintiff's termination. Therefore, the plaintiff's termination was not an arbitrary decision and does not present a cognizable claim for the violation of his Due Process rights.

Plaintiff's final asserted Constitutional violation involves a violation of his "right to privacy" when the named Defendants released the tribunal's final order to the local press. Plaintiff's motion at 8. The Supreme Court has noted that while there is no "right of privacy found in any specific guarantee of the Constitution, the Court has recognized that 'zones of privacy' may be created by more specific constitutional guarantees and thereby impose limits upon government power." *Paul v. Davis*, 424 U.S. 693, 712–713, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). *See also Roe v. Wade*, 410 U.S. 113, 152–153, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). The plaintiff's assertion, however, does not fall within any of these areas. Most right of privacy cases, "while defying categorical description, deal generally with substantive aspects of the Fourteenth Amendment." *Paul*, 424 U.S. at 713, 96 S.Ct. 1155 (1976). The United States Supreme Court determined that "the personal rights found in this guarantee of personal privacy must be limited to those which are 'fundamental' or 'implicit in the concept of ordered liberty.'" *Paul*, 424 U.S. at 713, 96 S.Ct. 1155 (1976), quoting *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 82 L.Ed. 288 (1937). However,

> "the interest in reputation alone which [Plaintiff] seeks to vindicate in this action in federal court is quite different from the 'liberty' or 'property' recognized in [such] decisions. Kentucky law

does not extend to respondent any legal guarantee of present enjoyment of reputation which has been altered as a result of [defendants'] actions. Rather his interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for vindication of those interests by means of damages actions. And any harm or injury to that interest, even where as here inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law, nor has it worked any change of [Plaintiff]'s status as theretofore recognized under the State's laws. For these reasons we hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law."

*Paul v. Davis*, 424 U.S. 693, 711–712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

In cases were a plaintiff asserts injury due to any "defamatory publications, however seriously they may have harmed respondent's reputation, [do] not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause." *Paul*, 424 U.S. at 712, 96 S.Ct. 1155 (1976). While discussing suits against newspapers and other publications, the Supreme Court made the astute observation that a person "need only pick up any newspaper or magazine to comprehend the vast range of published matter which exposes persons to public view, both private citizens and public officials. Exposure of the self to others in varying degrees is a concomitant of life in a civilized community." *Time, Inc. v. Hill*, 385 U.S. 374, 388, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967).

This conclusion incorporates a balance of our essential Constitutional guarantees as the risk of public "exposure is an essential incident of life in a society which places a primary value on freedom of speech and of press." *Id.* Plaintiff's claim is not an actionable Due Process violation because the "[f]reedom of discussion, if it would fulfill its historic function in this nation, must embrace all issues about which information is needed or appropriate to enable the members of society to cope with the exigencies of their period." *Time, Inc.*, 385 U.S. at 388, 87 S.Ct. 534 (1967) quoting *Thornhill v. State of Alabama*, 310 U.S. 88, 102, 60 S.Ct. 736, 84 L.Ed. 1093 (1940).

Neighboring school districts, local parents, and those with a vested interest in protecting the children in the community, have a legitimate interest in knowing that, after a full tribunal hearing, the plaintiff was found guilty of "engaging in sexually related behavior" in violation of 704 KAR 20:680(3)(a)(8). Accordingly, the plaintiff's assertion that the release of the tribunal's order for publication breached his right to privacy is not an actionable violation of the Fourteenth Amendment.

In conclusion, the plaintiff's assertions do not give rise to any viable cause of action for violation of Plaintiff's Fourteenth Amendment rights, thereby precluding an action under 42 U.S.C. § 1983. Accordingly, without any actionable federal claims, the remaining issues in this case will be remanded to state court as this Court declines to exercise pendent jurisdiction over the state causes of action in this case. Accordingly, **IT IS ORDERED**

(1) That plaintiff's motion for summary judgment be, and the same hereby is, **DENIED**;

(2) That defendants' motion for summary judgment be, and the same hereby is, **GRANTED AS TO THE FEDERAL CAUSES OF ACTION**;

(3) That plaintiff's causes of action under 42 U.S.C. § 1983 be, and the same hereby are, **DISMISSED WITH PREJUDICE**;

(4) That the remaining state causes of action be, and the same hereby are, **REMANDED** to the Floyd Circuit Court;

(5) That this case be, and the same hereby is, **STRICKEN** from this Court's active docket.